The opinion of the Court was delivered by
Tilghman C. Jf.
The prisoner claims his discharge from imprisonment, by virtue of the act of congress of the 16th March, 1802. The 23d sect, of this act, provides, “ that no non-commissioned officer, musician, or private, shall be arrested, or subject to arrest, or to be taken in execution, for any debt under the sum of 20 dollars, contracted before enlistment, nor for any debt contracted after enlistment.” The meaning of this provision, appears to be confined to debts, taken in their common acceptation, created by contract between the soldier, and any other individual. And there was great reason for preventing an arrest in such cases; because, if permitted, every soldier might be withdrawn from the army, by contracting a debt, for that purpose. But it never could have been intended to prevent arrests in all cases of debt. Suppose, for instance, a soldier should forfeit a recognisance entered into, for keeping the peace, or for his appearance in Court, to answer a charge of felony. This would be a debt, and yet it" cannot be supposed that congress meant to protect him. Neither could it have been intended to protect him against execution on judgments, in actions founded on trespass, or toft. Yet these judgments are debts. Let us consider then, the cause for which the prisoner was committed by alderman Badger. It is not for any debt of any kind; he has made a contract with no person whatever. But he has been charged with a breach of duty, in deserting his wife and child, without providing any means for their support; In such case, the law of this Commonwealth has invested the Mayor’s Court, with power to enquire into the circumstances of the case, and make such order as they shall judge proper; and unless security be given for compliance with that order, the husband so deserting his family, may be imprisoned.. Every alderman also has power, on complaint made to him, that any man has deserted his family, to take security of the person complained of, for his appearance at the next Mayor’s Court; and for want of such security, to commit him to prison. The law considers a desertion of this kind, as an offence; not indictable indeed, but punishable by *507 imprisonment, unless security is given, to comply with the order of the Court. Whether the prisoner has been guilty of this offence, is not now to' be decided. The Mayor’s Court, no doubt, will do him justice. But the question before us, is, whether he shall- be compelled to stand his trial, or suffered to escape, and leave his family, a charge on the public. On that question, the Court has no doubt. It is our opinion, that the case of the prisoner does not come within the words, or meaning of the acts of congress, and therefore, he must be remanded.
Prisoner remanded.